Harish KUMAR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75045.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Ila C. Deiss, USSF— Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Harish Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Tor-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**618**

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We grant the petition and remand.

Substantial evidence does not support the IJ's adverse credibility determination. First, Kumar consistently testified that although he was born Hindu, he had attended a Sikh gudwara since the age of twelve. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (no basis for adverse credibility finding where petitioner testified consistently and gave logical explanation for perceived discrepancy). Second, the IJ's speculation regarding whether police would accept a bribe to give Kumar clearance to leave the country and whether they would cease harassing him for the period between his two arrests can not form the basis for an adverse credibility finding. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004). Third, Kumar's testimony regarding his medical treatment was detailed. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1147 (9th Cir.2005). Finally, because each of the IJ's proffered reasons for the adverse credibility finding fails, Kumar's testimony must be accepted as true, and no further corroboration is required. *See Kaur,* 379 F.3d at 890.

Accordingly, we grant the petition for review and remand to the BIA to determine whether, accepting Kumar's testimony as credible, he is eligible for relief. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW GRANTED; REMANDED.**